UNITED STATE DISTRICT COURT
EASTERN DISTRICT
SOUTHERN DIVISION

DEZHANIQUE BEY and
TRAVAUGHN QUARLES,
    Plaintiffs,

v.

Case No.
Hon.

CITY OF DETROIT,
VERONA SHAW,
MARCUS HEWIN,
MELVIN BROWN,
STEVE VANALSTINE,
OLEKSANDR KUCHERYAVYY,
MUGAHID OBAID,
SEAMUS WADERLOW,
KENT BENDER,
ANGEL MUNOZ,
CARNEY JONES,
PARKER THOMAS,
ENRIQUE SAWICKI,
JACOB ZADORKSI,
CAB WOOD,
KEVIN BRYANT,
LASONJA PARKER,
MYANGEL RICHARDSON,
ESTEBAN HARRISON,
DAVID WIGGINS,
ELIZABETH BATTERSBY,
ERROL FRANKLIN,
THOMAS JONES,
DIMITRIUS STEWART,
TAMARI HARPER,
JALEN BROWN,
IBRAHIM KAKISH,
JEREMY ROBSON,
RHEANNA OCONNOR,
SAFWAN AL-BALAKI,
MARK PRZYTULA,
ZACHARY BARRICK,
TRACY MORENO,
SHANE SHAW,
DOMENIC ROWLEY,
JOHNNY STRICKLAND,

EQUAN MOORE,
NALEK NASSER,
MARCUS HEWIN,
VERONA SHAW,
MALEK NASSER,
EQUAN MOORE,
JALEN BROWN,
TAMARI HARPER,
JULIAN SMITH,
TYLER WELCH,
JARMIARE MCENTIRE,
MATTHEW BRAY,
TYLER WELCH,
CHARLES SMITH,
KENNETH DOWNER,
DESMOND WASHINGTON,
HEDAIYAH ABOUBAKER,
GEORGE OGORMAN,
NATHAN DUDA,
WILLIAM DRABKOWSKI,
WILLIAM COOK,
PAUL WARNER,
SCOTT PELLERITO,
RAYMOND DIAZ,
STEVEN BRANDON,
JAMES WHITE,
   (In their official and individual capacities)
       Defendants,
_____/

W. Otis Culpepper (P23520)
Attorney for Plaintiffs
615 Griswold Street
Suite 1325
Detroit, MI 48226
(313) 963-5310
culpepper.kenneylaw@gmail.com
_____/

There are no other pending or resolved civil actions arising out
of the transaction or occurrence alleged in the complaint

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

NOW COMES the DEZHANIQUE BEY and TRAVAUGHN QUARLES, by and through their attorney W. Otis Culpepper, and in their complaint against the Defendants, state the following:

## INTRODUCTION

1. That this action is brought to seek redress for the use of excessive and unconstitutional use of force by the Defendants on June 1, 2024; that resulted in physical, economic and emotional damages to DEZHANIQUE BEY and TRAVAUGHN QUARLES.

2. That the Plaintiffs allege that Defendants violated their rights under the Fourth and Fourteenth Amendments to the United States Constitution, Civil Rights violation pursuant to 42 U.S.C. § 1983, as well as under the Michigan Constitution and common law.

3. That on said date the Plaintiffs were in a dark low visibility backyard of 16500 Trinity Street, at the time the Defendants entered said back yard.

4. That the Defendants, upon their arrival, did not use any devise to illuminate said backyard, nor illuminate the areas ahead of their paths.

5. That regardless of the low visibility the Defendants fired multiple gun shots into the dark backyard of 16500 Trinity Street without a visible subject or target.

6. That Defendants multiple shooting of the Plaintiffs was intended to restrain and control the movements of the Plaintiffs; and such constitutes an illegal and unreasonable seizure.

7. That the conduct of the Defendants was unjustified, unreasonable, unwarranted, without cause, excessive and with a conscious or reckless disregard for the constitutional rights of Plaintiffs.

8. That the Plaintiffs seek compensatory and punitive damages, attorney's fees, and any other relief deemed just and appropriate by this Court.

## JURISDICTION AND VENUE

9. That this Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 as this action arises under the laws of the United States Constitution, not limited to the 4th and 14th Amendments to the United States Constitution, the laws of the United States Code, not limited to the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, the State of Michigan Constitution as well as the other Michigan statutes and common law.

10. That the Defendant, CITY OF DETROIT, is a Michigan municipal corporation and the individual Defendants were employees of the CITY OF DETROIT at the time of the alleged occurrence.

11. That the acts of the Defendants, that form the basis of this legal action, all occurred in the City of Detroit, County of Wayne, State of Michigan.

## STATEMENT OF FACTS

12. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

13. That the individual Defendants have the following assigned City of Detroit Police Department badge numbers:

VERONA SHAW #618
MARCUS HEWIN #841

MELVIN BROWN #1586
STEVE VANALSTINE #4744
OLEKSANDR KUCHERYAVYY #2766
MUGAHID OBAID #4276
SEAMUS WADERLOW #4845
KENT BENDER #143
ANGEL MUNOZ#4358
CARNEY JONES #3294
PARKER THOMAS #3795
ENRIQUE SAWICKI #4382
JACOB ZADORKSI #4690
CAB WOOD #4163
KEVIN BRYANT #673
LASONJA PARKER #3083
MYANGEL RICHARDSON #5148
ESTEBAN HARRISON #4108
DAVID WIGGINS #D-4319
ELIZABETH BATTERSBY #S-205
ERROL FRANKLIN #3077
THOMAS JONES #4808
DIMITRIUS STEWART #4656
TAMARI HARPER #4148
JALEN BROWN #550
IBRAHIM KAKISH #854
JEREMY ROBSON #S-518
RHEANNA OCONNOR #3805
SAFWAN AL-BALAKI #157
MARK PRZYTULA #4035
ZACHARY BARRICK #4219
TRACY MORENO #S-313
SHANE SHAW #3612
DOMENIC ROWLEY #4373
JOHNNY STRICKLAND #S-520
EQUAN MOORE #4476
NALEK NASSER #2510
MARCUS HEWIN #841
VERONA SHAW #618
MALEK NASSER #2510
EQUAN MOORE #4776
JALEN BROWN #550
TAMARI HARPER #4148
JULIAN SMITH #4666
TYLER WELCH #4343
JARMIARE MCENTIRE #S-1106
MATTHEW BRAY #L-31
TYLER WELCH #4343

CHARLES SMITH #3515
KENNETH DOWNER #411
DESMOND WASHINGTON #4888
HEDAIYAH ABOUBAKER #D-4
GEORGE OGORMAN #L-77
CAPTAIN NATHAN DUDA
WILLIAM DRABKOWSKI #D-2647
WILLIAM COOK #S-1120
PAUL WARNER #S-373
CAPTAIN SCOTT PELLERITO
RAYMOND DIAZ #1137
STEVEN BRANDON #513
JAMES WHITE (former DPD police chief)

14. That on June 1, 2024, the above listed individuals were employed by the CITY OF DETROIT and performed duties as police officers or employees within the Police Department of the CITY OF DETROIT acting under the color of state law with the duties endowed to them by the Police Department of the CITY OF DETROIT.

15. That the CITY OF DETROIT, POLICE DEPARTMENT, is a public safety entity and governmental subdivision of the Defendant CITY OF DETROIT.

16. That on June 1, 2024, in the rear yard of 16500 Trinity Street, in the City of Detroit, the Plaintiffs DEZHANIQUE BEY and TRAVAUGHN QUARLES were present, unarmed (did not have in their hand, on their person or in the immediate area under their control a firearm, knife or any item that can be perceived as a weapon) and lawfully assembled on said private property, posing no immediate threat to the Defendants or others

17. That on said date, the Defendants, after arriving and before entering the rear yard of 16500 Trinity Street, without warning or justification discharged their firearms multiple times into the dark rear yard of said property, striking the Plaintiffs DEZHANIQUE BEY and TRAVAUGHN QUARLES multiple times.

18. That while on said property DEZHANIQUE BEY and TRAVAUGHN QUARLES did not physically move in any fashion upon the arrival and entry of the Defendants into the rear yard, that would give a reasonable person or the Defendants a belief that the Defendants or the public were in danger of an assault or battery from the Plaintiffs.

19. That DEZHANIQUE BEY and TRAVAUGHN QUARLES were not involved or suspected of criminal behavior at the time the Defendants entered the rear yard of 16500 Trinity Street.

20. That immediately prior to being shot by the Defendants, DEZHANIQUE BEY and TRAVAUGHN QUARLES did not state anything verbally that would give a reasonable person nor the Defendants a belief that the Plaintiffs possessed scienter to carry out an assault, battery or run in a direction opposite from the location of the Defendants.

21. That this action arises under the laws of the United States Constitution, not limited to the 4th and 14th Amendments to the United States Constitution, the laws of the United States Code, not limited to the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, the State of Michigan Constitution as well as the other Michigan statutes and common law.

22. That as a result of the conduct of the Defendants as described in this complaint, the Plaintiffs have suffered injuries in excess of $5,000,000.00 each, excluding interest cost and attorney fees.

23. That the Plaintiffs sustained permanent physical and psychological injures, not limited to permanent disfigurement, scarring, humiliation, shock fright, as well as economic damages as a result of the Defendants above wrongful acts.

24. That the above-described actions of the Defendants were reckless and in certain respects malicious, callous and showed a disregard for the safety and welfare of the Plaintiffs, thus the Plaintiffs are entitled to punitive damages.

25. That the Defendants actions were carried out as a part of the customs, policies and practices of the Defendant, CITY OF DETROIT police department, which included a failure to train, supervise, discipline or properly instructs its officers in the federal and state laws regarding, and not limited to the use of deadly force.

26. That liability is imposed upon the Defendant, CITY OF DETROIT due to the flawed and in some respects as plead in this complaint absent policies, practices and procedures that were carried out by the Defendants resulting in unconstitutional deprivations and damages to the Plaintiffs; and as such the Defendant, CITY OF DETROIT cannot invoke immunity under the law.

27. That the Defendants acts of excessive force were clearly established as unlawful, illegal and unconstitutional prior to June 1, 2024, thus the Defendants are not entitled to a shield of qualified immunity under the law.

28. That as matter of law, an unarmed and nondangerous suspect has a constitutional right not to be shot by police officers. Sample v. Bailey, 409 F.3d 689, 696 (6th Cir.2005) (citing Tennessee v. Garner, 471 U.S. 1, 11, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).

### COUNT ONE: CIVIL RIGHTS VIOLATION, 42 USC 1983

29. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

30. That Defendants, acting under color of state law, violated Plaintiffs' Fourth Amendment rights by using excessive and unreasonable force.

31. That DEZHANIQUE BEY and TRAVAUGHN QUARLES being unarmed and not a danger to themselves or others had a constitutional right not to be shot by the Defendants police officers." *Floyd v. City of Detroit*, 518 F.3d 398, 407 (6th Cir. 2008); *cf. Carden v. City of Knoxville*, 699 F. App'x 495, 499 (6th Cir. 2017).

32. That the Defendants violated this rule when they discharged their firearms into a dark backyard without a clear and defined target. Id *Floyd*, 518 F.3d at 407–08; *Sample v. Bailey,* 409 F.3d 689, 697 (6th Cir. 2005); *Withers v. City of Cleveland*, 640 F. App'x 416, 420–22 (6th Cir. 2016).

33. That Defendants had a duty to act prudently, with reasonable care, and otherwise to avoid using unreasonable and excessive force; and the Defendants violated that duty by shooting their firearms into a dark backyard of 16500 Trinity Street: 1.) as a means to entry, 2.) to control the movements of the occupants of said backyard, 3.) without a clear and defined target, and 4.) without a threat of force by DEZHANIQUE BEY and TRAVAUGHN QUARLES.

## COUNT TWO: VIOLATION OF 4TH AMENDEDMENT, UNITED STATES CONSTITUTION

34. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

35. That the Plaintiffs have a guaranteed right to be free from unreasonable and excessive use of force.

## COUNT THREE: VIOLATION OF 14TH AMENDMENT,

## UNITED STATES CONSTITUTION

36. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

## COUNT FOUR: VIOLATION OF ARTICLE 1, SECTIONS 11 & 16, MICHIGAN CONSTITUTION

37. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

38. That the Defendant Officers' actions violated DEZHANIQUE BEY and TRAVAUGHN QUARLES' rights under Article I, Sections 11 and 16 of the Michigan Constitution, which protect against excessive force and cruel or unusual punishment.

## COUNT FIVE: CIVIL RIGHTS VIOLATION, 42 USC 1983

39. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

40. That the Defendant CITY OF DETROIT and Chief of Police JAMES WHITE failed to properly train and supervise officers in the appropriate use of force, when effectuating an investigation, search and seizure of a dark area occupied by individuals; and this failure resulted in the Defendants shooting into a dark area injuring unarmed occupants to which resulted in a violation of DEZHANIQUE BEY and TRAVAUGHN QUARLES' civil rights.

41. That Defendant CITY OF DETROIT and Chief of Police JAMES WHITE failed to train its officers to not fire their weapons without a clear and defined target.

42. That the Defendant CITY OF DETROIT and Chief of Police JAMES WHITE failed to train their officers concerning the proper manner of approaching a suspected area with low visibility, as well as the proper use of their firearms under said conditions.

43. That the Defendants not being trained on how to address a dark area with no clear and defined targets, nor imminent threat of bodily harm would foreseeably cause the Defendants to use unfettered discretion and discharged their firearms into a dark target area resulting in injuries to unarmed persons - a violation of constitutional rights. Arrington-Bey v. City of Bedford Heights, 858 F.3d 988, 995 (6th Cir. 2017), Connick v. Thompson, 563 U.S. 51 (2011).

44. That the Defendant CITY OF DETROIT and Chief of Police JAMES WHITE have a custom of failing to train in these important areas of public safety where police officers are highly likely to encounter during the summer seasons.

45. If trained properly, the Defendants would not have discharged their firearms into a dark area without defined targets, and without the threat of danger. Carey v. Helton, 70 F. App'x 291, 294–95 (6th Cir. 2003).

46. That the Defendant C CITY OF DETROIT and Chief of Police JAMES WHITE had an obligation to assure that each Detroit police officer meet the minimal qualifications and certifications of their assigned firearm, as well as any firearms used during the scope of their employment.

47. That the Defendant CITY OF DETROIT and Chief of Police JAMES WHITE maintains a flawed policy that does not assure that each police officer regularly qualifies in the use of their assigned and unassigned firearms used in the course of their employment, as well as a failing to establish a policy and procedure that each police officer produce proof of

regular qualifications of the firearms assigned and not assigned but used in the course of their employment.

48. That the Defendant CITY OF DETROIT and Chief of Police JAMES WHITE has a practice of allowing its police officer to use guns, within the scope of their employment, not issued by the Defendant CITY OF DETROIT, to which their officers do not qualify to use; and because of such, their police officers are unable to control the direction of its discharge.

49. That as a result of such the Defendants were not certified nor meet the qualifications to use their firearms when encountering an area without visibility or no defined targets; and combined with the absent of training in approaching dark areas the DEZHANIQUE BEY and TRAVAUGHN QUARLES were injured.

50. That the Defendant CITY OF DETROIT and Chief of Police JAMES WHITE of Detroit failed to train its officers in the proper manner of approaching an area from opposite sides with minimal visibility, in a manner to prevent crossfire.

51. That the Defendant CITY OF DETROIT and Chief of Police JAMES WHITE failed to maintain or create a policy of monitoring the overtime hours of its police officers, to thus prevent its police officers from performing with impairments and decreased productivity due to a lack of sleep and rest.

52. That due to the lack of sleep and rest, the Defendants shot into a dark area upon entry injuring DEZHANIQUE BEY and TRAVAUGHN QUARLES.

53. That these failures constitute deliberate indifference to the rights of DEZHANIQUE BEY, TRAVAUGHN QUARLES and others, resulting in DEZHANIQUE BEY and TRAVAUGHN QUARLES sustaining serious permanent injuries.

## COUNT SIX: BATTERY

54. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

55. That the Defendants use of their firearms, without an imminent threat to themselves or others, with the intent to injure the recipients of their gunfire constitutes a battery.

56. That the Defendants, being faced with low viability and no identifiable individuals that were in the commission of a crime, were malicious in indiscriminately discharging their firearms into a crowd, thus losing their shield of immunity. *Grawey v. Drury*, 567 F.3d 302, 315 (6th Cir. 2009).

## COUNT SEVEN: GROSS NEGLIGENCE

57. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

58. That the Defendants, without visibility, shot into said dark backyard with reckless indifference to the gunshot injuries that the Defendants knew would result to the occupants of said area.

## COUNT EIGHT: CIVIL RIGHTS VIOLATION, 42 USC 1983

59. That the Plaintiffs incorporate all paragraphs by reference as though fully set forth herein.

60. That the Defendants, that did not fire their firearms, witnessed their fellow Defendant officers discuss their intention to use their firearms prior to entry of said backyard and also observed their officers brandish their firearms before entry into the dark backyard, and all with sufficient time to prevent harm from occurring; and with sufficient time failed to act to prevent said excessive force by their coworkers and thus is liable for

failing to prevent the use of excessive force. *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).

61. That said Defendants were equipped, during training, with the law that shooting an unarmed non-threatening individual is a constitutional right violation; and notwithstanding said training, failed to prevent their fellow officers from firing their firearms multiple times into said dark backyard.

62. That after hearing the declaration of their fellow Defendant officers of firing their firearms before entry into said backyard, as well as observing the brandishing of their firearms and the discharge of their guns, these Defendants had a duty to prevent such constitutional violations, and knowing that such force was unreasonable and clearly excessive failed to use their commands, physical restrain, intervene and other available means to prevent the constitutional violations.

WHEREFORE, DEZHANIQUE BEY and TRAVAUGHN QUARLES request that this Honorable Court enter an order awarding DEZHANIQUE BEY and TRAVAUGHN QUARLES compensatory damages, punitive damages in an amount in excess of $5,000,000.00 each against each Defendant; as well as an award pf reasonable attorney's fees and costs, judgment interest and such other and further relief as this Honorable Court deems just and proper.

## **JURY DEMAND**

NOW COMES the Plaintiffs and demand a trial by jury.

Respectfully submitted by,<br>
By: /s/ W. Otis Culpepper<br>
W. Otis Culpepper(P23520)<br>
Attorney for Plaintiff<br>
615 Griswold Street<br>
Suite 1325<br>
Detroit, MI 48226<br>
(313) 963-5310<br>
culpepper.kenneylaw@gmail.com

Date: January 3, 2025